**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **HUDSON CITY SAVINGS BANK, FSB,** <br><br> **Plaintiff,** <br><br> v. <br><br> **ANITA BARROW, et al.,** <br><br> **Defendants.** | Civ. No. 16-cv-4190 (KM) <br><br> **OPINION** |

**KEVIN MCNULTY, U.S.D.J.:**

This matter comes before the Court on the motion of the plaintiff, Hudson City Savings Bank, FSB ("Hudson FSB"), to remand this removed mortgage foreclosure case to State court. (ECF no. 5) For the reasons stated herein, the motion to remand is granted.

### A.    Procedural History

Hudson FSB filed this mortgage foreclosure complaint against Anita Barrow, *Hudson City Savings Bank, FSB v. Anita Barrow, et al.*, Docket No. F-015653-16 (Chancery Div., Bergen County). ("Cplt.", ECF no. 1-2) It was served upon Ms. Barrow on June 9, 2016. (ECF no. 5-2)

Ms. Barrow filed her Answer in State court. ("Answer", ECF no. 1-1) The Answer pleads 23 affirmative defenses. ("Defenses", ECF no. 1-1 at 4–11) Five of the Defenses cite federal law: Defense 8 ("Fair Debt Collections Act"); Defense 9 (Truth in Lending Act; Defense 11 (Fair Debt Collection Practices Act); Defense 15 (improper verification under FDCPA); Defense 19 (Real Estate Settlement Procedures Act).

The Answer also contains six counterclaims. ("Counterclaims", ECF no. 1-1 at 11-17) Three of the Counterclaims cite federal law: Counterclaim Count

1

1 (Fair Housing Act, 42 U.S.C. § 3601); Count 2 (Civil Rights Act, 42 U.S.C. §§ 1981, 1982, 1983); Count 3 (Fair Debt Collection Practices Act). The rest of the Counterclaim Counts assert state law grounds.

On July 8, 2016, Ms. Barrow filed a notice of removal to this Court, attaching, *inter alia,* the state court complaint and answer. ("Notice", ECF no.1) The Notice cites the same federal statutes cited in the Counterclaims, and invokes the court's federal-question jurisdiction under 28 U.S.C. § 1331. The Notice also cites this court's diversity jurisdiction, alleging that the matter is between citizens of different states and that the amount in controversy exceeds $75,000.

On August 12, 2016, Hudson FSB filed this motion to remand the action to State Court. (ECF no. 5) Ms. Barrow has filed papers in opposition (ECF no. 15). Because Ms. Barrow is appearing *pro se,* out of caution I have reviewed the entire file, including other filings she has made in this action. (*E.g.,* ECF nos. 12, 17, 18)

**B.    Discussion**

Ms. Barrow removed this case pursuant to the federal removal statute, 28 U.S.C. § 1441. Under 28 U.S.C. § 1441(a), a defendant may remove a civil action from the state court if the case could have been brought originally in federal court. What that means, in this context, is that the complaint either asserts a federal-law claim, *see* 28 U.S.C. § 1331, or the parties are citizens of different states and the amount in controversy exceeds $75,000, *see* 28 U.S.C. § 1332(a). "[T]he party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." *Frederico v. Home Depot,* 507 F.3d 188, 193 (3d Cir. 2007). Removal is strictly construed and doubts are resolved in favor of remand. *See Samuel–Bassett v. Kia Motors Am., Inc.,* 357 F.3d 392, 396 (3d Cir. 2004).

It seems that Ms. Barrow's primary basis for removal of the case is this Court's federal question jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). There is no plausible contention that this state mortgage foreclosure arises under federal law.

The plaintiff—here, Hudson FSB—is master of its complaint, and can decide whether to assert a federal claim, a state claim, or both. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425 (1987). In analyzing federal subject matter jurisdiction, the courts have traditionally looked to the "well-pleaded complaint" rule. *Id.* That rule holds that a cause of action "'arises under' federal law, and removal is proper, only if there is a federal question presented on the face of the plaintiff's properly pleaded complaint." *DeJoseph v. Continental Airlines, Inc.*, 18 F. Supp. 3d 595, 599 (D.N.J. 2014) (citing *Dukes v. U.S. Healthcare*, 57 F.3d 350, 353 (3d Cir. 1995)). *See also Homes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 832, 122 S. Ct. 1889 (2002) (particularly instructive in that it took a subsequent statutory amendment to create an exception to the well-pleaded complaint rule that now encompasses patent-law counterclaims, *see* 28 U.S.C. § 1454(a)). Thus, for example, "'a case may not be removed to federal court on the basis of a federal defense,' even if the plaintiff's complaint anticipates such defense." *Green Tree Servicing LLC v. Dillard*, 88 F. Supp. 3d 399, 401 (D.N.J. 2015) (quoting *Caterpillar*, 482 U.S. at 392). "Nor can Defendants create federal jurisdiction by asserting federal defenses and/or counterclaims to Plaintiff's state law foreclosure Complaint." *Id.* at 402 (citing *Bank of N.Y. Mellon Trust Co., N.A. v. Poczobut*, No. 13-3303, 2013 WL 4012561, at *2 (D.N.J. Aug. 5, 2013)).

This is an action to foreclose a mortgage—quintessentially a state law case. A cause of action to foreclose a mortgage does not arise under federal law.

The notice of removal purports to base § 1331 jurisdiction on the *defendant's* federal claims. *See* Notice ¶ 1 ("The Court has original jurisdiction

3

over Defendant's fair housing claims and other federal claims grounded in the constitution of the United States.") Under the well-pleaded complaint rule, however, defenses and counterclaims do not create federal court jurisdiction. *See, e.g., Green Tree Servicing LLC,* 88 F. Supp. 3d at 401–02 (ordering remand because mortgage foreclosure is state law case, and defendant's assertion of issues under the FDCPA does not create federal jurisdiction).

That leaves diversity jurisdiction under 28 U.S.C. § 1332. The Notice of removal cites diversity jurisdiction, but does not so much as specify the parties' state citizenship. Certainly Ms. Barrow has not discharged her burden of demonstrating the existence of this Court's diversity subject matter jurisdiction. Ms. Barrow seems to be a domiciliary of New Jersey; for example her home, the property encumbered by the mortgage at issue, is located in Oakland, New Jersey.

It seems to be undisputed that Hudson City Saving Bank, FSB, at least *was* a citizen of the State of New Jersey. The rub seems to be that Hudson's parent company, Hudson City Bancorp, Inc. was purchased by M&T Bank as of November 1, 2015 (*i.e.,* before both the foreclosure action and removal notice were filed). (ECF no. 12-2) The record is silent as to Hudson FSB's status post-merger. Ms. Barrow has represented that Hudson is a "ghost" entity, *i.e.,* that it no longer exists, and therefore has no standing to maintain a foreclosure. (ECF no. 18) If that is so, then *a fortiori* diversity is lacking. Having even one defendant with no citizenship destroys diversity jurisdiction. *See Online Express, Inc. v. Tri–State General Ins. Co.,* No. 13–1888, 2013 WL 1867053, *2 (D.N.J. May 2, 2013).

It must be said that Hudson FSB's papers are a bit cagey on the issue. Rather than simply state its own citizenship forthrightly, Hudson FSB simply takes Ms. Barrow to task for failing to prove it, and criticizes her for misciting a prior decision of this Court. I, however, must take the case as I find it at the time that it was removed. The party plaintiff, then as now, was Hudson FSB.

There is no evidence before me as to the current status and citizenship of Hudson FSB. It may be that it survives as a New Jersey subsidiary. Or it may be, as Ms. Barrow says, that a nonexistent entity has sued. As to those issues, I take no position. For now, I interpret the removal statute strictly and resolve doubts in favor of remand. *See Samuel-Bassett, supra; Steel Valley Auth. v. Union Switch and Signal Div.*, 809 F.2d 1006, 1010 (3d Cir.1987) ("[A]ll doubts should be resolved in favor of remand.") Should jurisdiction-creating developments occur in the remanded action, one court or another will have to deal with them then.

## CONCLUSION

For the reasons stated above, the motion of the plaintiff, Hudson Savings Bank, FSB, to remand this case to state court, pursuant to 28 U.S.C. § 1447, is GRANTED. Each party to bear its own costs. A separate order will issue.

Dated: December 19, 2016

_____
HON. KEVIN MCNULTY, U.S.D.J.