**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **HUDSON CITY SAVINGS BANK, FSB,** <br><br> **Plaintiff,** <br><br> v. <br><br> **ANITA BARROW, et al.,** <br><br> **Defendants.** | Civ. No. 16-cv-4190 (KM) <br><br> **OPINION** |

**KEVIN MCNULTY, U.S.D.J.:**

This matter comes before the Court on the motion (ECF no. 25) of the defendant, Anita Barrow, for reconsideration of this Court's earlier Order and Opinion (ECF nos. 22, 23) remanding this removed mortgage foreclosure case to State court, and for a temporary stay of remand. For the reasons stated herein, the motion for reconsideration is denied.

The standards governing a motion for reconsideration are well settled. *See generally* D.N.J. Loc. Civ. R. 7.1(i). Reconsideration is an "extraordinary remedy," to be granted "sparingly." *NL Indus. Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996). Generally, reconsideration is granted in three scenarios: (1) when there has been an intervening change in the law; (2) when new evidence has become available; or (3) when necessary to correct a clear error of law or to prevent manifest injustice. *See North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995); *Carmichael v. Everson*, 2004 WL 1587894, at *1 (D.N.J. May 21, 2004). Local Rule 7.1(i) requires such a motion to specifically identify "the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." *Id.; see also Egloff v. New Jersey Air Nat'l Guard*, 684 F. Supp.

1

1275, 1279 (D.N.J. 1988). Evidence or arguments that were available at the time of the original decision will not support a motion for reconsideration. *Damiano v. Sony Music Entm't, Inc.*, 975 F. Supp. 623, 636 (D.N.J. 1997); see also *North River Ins. Co.*, 52 F.3d at 1218; *Bapu Corp. v. Choice Hotels Int'l, Inc.*, 2010 WL 5418972, at *4 (D.N.J. Dec. 23, 2010) (citing *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001)).

Familiarity with my prior Opinion is assumed. The underlying action, brought by Hudson City Savings Bank, LLC ("Hudson CSB"), is a state-law action to foreclose a mortgage. In short, I found that this federal court lacked subject matter jurisdiction.

As to federal-question jurisdiction, see 28 U.S.C. § 1331, it is the state law character of the complaint that controls. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425 (1987) ("well-pleaded complaint" rule); *DeJoseph v. Continental Airlines, Inc.*, 18 F. Supp. 3d 595, 599 (D.N.J. 2014) Ms. Barrow's citation of federal causes of action as counterclaims does not create federal-question jurisdiction. *See Green Tree Servicing LLC v. Dillard*, 88 F. Supp. 3d 399, 401 (D.N.J. 2015) (remanding state mortgage foreclosure case despite defendant's assertion of issues under federal statute).

As to diversity jurisdiction, see 28 U.S.C. § 1332, the Notice of Removal failed to establish, or even allege, the parties' state citizenship. I therefore found no sufficient basis for assertion of diversity subject matter jurisdiction. I noted in passing an issue raised in the briefs as to Hudson CSB's status or citizenship following a December 2015 merger with M&T Bank. But to be clear, the sole plaintiff in this action is Hudson CSB.

Now, Ms. Barrow has filed a motion for reconsideration. Her motion for reconsideration states that she is domiciled in New Jersey. (ECF no. 25 ¶ 23)[1]

---

[1] There seems to be no issue as to the $75,000 amount-in-controversy requirement. 28 U.S.C. § 1332(a).

Now, Ms. Barrow asserts that *neither* Hudson nor M&T Bank is a legal party to this case, and that therefore neither can be considered by the Court in determining its jurisdiction. (ECF no. 25 ¶ 8) That is clearly wrong; if there is no plaintiff at all, then *a fortiori* the plaintiff's citizenship cannot be diverse from that of the defendant.

She makes a related contention that MERS, a nominee, is "fraudulently joined" to destroy diversity. MERS is not named in the caption as a plaintiff. The cited case discussing remand (*see* ECF no. 25 ¶ 43) raises the issue of fraudulent joinder of nominal parties *other than* the actual lender; here it is Hudson, the actual lender, which sues.

Ms. Barrow argues that the true holder of the mortgage is Nation Star Mortgage, LLC, an entity allegedly domiciled in Delaware. But Nation Star is not a party to this case. The issue Ms. Barrow is raising is a standing issue that would properly have been asserted, if anywhere, in the State case. Indeed, the authority cited largely concerns grounds for dismissal, not removal or remand of actions, and most of Ms. Barrow's discussion is devoted to standing and reasons that the complaint should be dismissed.

At any rate, for the reasons stated below, the citizenship of the plaintiff—whether Nation Star, Hudson, M&T, or MERS—does not really matter. Even if the plaintiff were a citizen of a state other than New Jersey (which has not been established), remand would be required. Because Ms. Barrow, the defendant, is a citizen of New Jersey, she would be barred from removing this action under the so-called "forum defendant" or "home state" rule:

> (2) A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b)(2). *See also Green Tree Servicing LLC v. Dillard*, 88 F. Supp. 3d 399, 401 n.3 (D.N.J. 2015) (application of forum defendant rule in mortgage

3

foreclosure case); *Ocwen Loan Servicing LLC v. Masino*, No. CV 15-8699, 2016 WL 4468561 (D.N.J. Aug. 22, 2016) (application of forum defendant rule in mortgage foreclosure case)

Under the "forum defendant" rule, it is defendant Barrow's New Jersey citizenship, not the citizenship of any plaintiff, that renders removal improper. So for this reason, too, the remand was proper, and the motion for reconsideration is denied.

## CONCLUSION

For the reasons stated above, the motion (ECF no. 25) of the defendant, Anita Barrow, for reconsideration of this Court's earlier Order and Opinion (ECF nos. 22, 23) remanding this removed mortgage foreclosure case to State court, and for a temporary stay of remand, is DENIED. Each party to bear its own costs. A separate order will issue.

Dated: February 22, 2017

_____
HON. KEVIN MCNULTY, U.S.D.J.