UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| HUDSON CITY SAVINGS BANK, FSB,<br><br>                            **Plaintiff,**<br><br>v.<br><br>ANITA BARROW, et al.,<br><br>                            **Defendants.** | Civ. No. 16-cv-4190 (KM)<br><br>**SUPPLEMENTAL OPINION and ORDER** |

It has come to my attention that after I filed a Memorandum and Order (DE 43) denying the motion of the defendant, Ms. Barrow, for a temporary restraining order, she filed a second version of her application, attaching certain exhibits that were not attached to the first version. (DE 44) Ms. Barrow has filed a notice of appeal (DE 45). I nevertheless write to supplement my reasoning, particularly in light of the additional exhibits.

The motion was one for a temporary restraining order staying a sheriff's sale of Ms. Barrow's property in foreclosure. It was filed on the day of the sale, February 22, 2019, very shortly before the sale was to occur. I filed a short Memorandum and Order denying the requested relief. (DE 43)

As I noted at the time, there was and is no pending federal case. This state court foreclosure action, removed by Ms. Barrow to this Court, was remanded for lack of jurisdiction in 2016, and the file was closed. (DE 22, 23) At the time, Ms. Barrow asserted any number of federal-law defenses and counterclaims in her answer to the state court foreclosure complaint. These, however, did not confer jurisdiction on this court under the "well-pleaded complaint" rule. (Opinion, DE 22; affirmed by Court of Appeals, *see* DE 37-1)[1]

---

[1] Ms. Barrow nevertheless continued to seek relief in this court from orders in the state court foreclosure proceedings, an application which I denied. (DE 39)

Evidently, the state foreclosure action went forward to a judgment, as evidenced by the scheduled sheriff's sale.

On February 22, 2019, Ms. Barrow filed the original version of her motion for a temporary restraining order blocking the sheriff's sale. (DE 42) In it, she asserted that she had actually made certain mortgage and tax payments. She asserted many of the same matters that were asserted in the original answer and counterclaims to the state complaint in foreclosure. Although the case was closed, in light of Ms. Barrow's pro se status, I considered whether her claims, if asserted in an independent federal complaint, would entitle her to emergent relief. (I emphasize however, that there is no such independent federal complaint, no filing fee proffered, no summons issued, and no service on the defendant.) I nevertheless denied the application because, citing *Rooker-Feldman* and other grounds, I could find no likelihood of success. (DE 43)

Ms. Barrow refiled her motion the same day, this time with additional exhibits. (DE 44) Although I did not discuss it the first time around, I observe that she attempts to circumvent the fact that this is a closed case (and has been since 2016) by citing Fed. R. Civ. P. 15(d) and asserting her federal-law claims as supplemental counterclaims and third-party claims. Rule 15(d), however, merely permits a party to file a supplemental pleading that updates existing claims with facts that occurred after the pending claim was filed. It is not a means of filing a new federal action or reopening a closed matter.

The newly-submitted exhibits consist of the following:

1. A transaction history from September 18, 2015. Although Ms. Barrow apparently believes this self-evidently demonstrates that she timely paid all taxes, in fact it seems to state the opposite. (DE 44 at pp. 2–10)
2. An online statement showing mortgage payments to Nationstar in 2014. (DE 44 at pp. 11–12)

3. A copy of the 2007 mortgage note, which purportedly demonstrates, by the absence of an assignment, that M&T Bank lacks standing to foreclose. (DE 44 at pp. 13–16)
4. A copy of the 2007 escrow waiver disclosure and agreement, note and mortgage (DE 44 at pp. 17–29)
5. Consumer Notice of Dispute filed in Superior Court, Mercer County, by the estate of Tracy Hua *et al.* (DE 44 at pp. 30–43)
6. Borough of Oakland Tax Account Detail Inquiry, showing principal balance of $17,438.88-, with handwritten notation "Tax Paid" (DE 44 at p. 46)

These exhibits only confirm that Ms. Barrow seeks to relitigate matters that occurred years ago and were properly asserted, if at all, as defenses to the foreclosure. They concern matters central to the foreclosure, such as the plaintiff's standing, the balance owing, and so on.

As noted in my prior opinion, a state court judgment cannot be appealed to or challenged in this court. *See, e.g., District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923). That principle applies to judgments of foreclosure. *See In re Madera*, 586 F.3d 228, 232 (3d Cir. 2009) (federal court lacks jurisdiction over post-foreclosure claim for rescission of the mortgage); *In re Knapper*, 407 F.3d 573, 581 (3d Cir. 2005); *Laychock v. Wells Fargo Home Mortg.*, 399 F. App'x. 716 (3d Cir. 2010) (action predicated on "wrongful foreclosure"); *Robinson v. Porges*, 382 F. App'x 133, 135 (3d Cir. 2010) ("complaint 'demands the return of his home as his own property with free and clear deed and title, as well as actual and punitive damages.' Such an award could only be made by reviewing and rejecting the state court judgments."); *Moncrief v. Chase Manhattan Mortgage Corp.*, 275 F. App'x 149, 153 (3d Cir. 2008) (barring a claim for "redress" of state court judgment in a foreclosure action); *Ayres-Fountain v. E. Sav. Bank*, 153 F. App'x 91, 92 (3d Cir. 2005) (barring post-foreclosure federal claim for rescission of mortgage and damages).

It may be that Ms. Barrow intends to assert federal-law claims for damages, ones that could be heard without disturbing the state foreclosure judgment. Such claims would not be barred by *Rooker-Feldman*, which is confined to claims for "injuries caused by [the] state-court judgment[]" which call upon the federal court to reject the judgment. *See Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010). Such independent claims, however, would not furnish a basis to enjoin the sheriff's sale; Ms. Barrow asserts that the sale cannot go forward because the foreclosure judgment itself was erroneous or invalid.

## ORDER

IT IS this 1st day of March, 2019

ORDERED that the application for a temporary restraining order is and remains DENIED in accordance with my earlier-filed Memorandum and Order (DE 43); and it is further

ORDERED that the court's reasoning is supplemented by the foregoing Opinion, particularly in light of additional exhibits later filed by Ms. Barrow (*see* DE 44); and it is further

ORDERED that Ms. Barrow's second submission (DE 44), to the extent it may be regarded as a second motion for a temporary restraining order, is DENIED for the reasons stated in this Supplemental Opinion and my earlier Opinion and Order.

The clerk shall re-close the file.

_____
HON. KEVIN MCNULTY, U.S.D.J.